EDWARD H. KUBO, JR. #2499
United States Attorney
District of Hawaii

NOEL L. HILLMAN
Chief
U.S. Department of Justice
Public Integrity Section
Criminal Division

James A. Crowell IV
Trial Attorney
U.S. Department of Justice
Public Integrity Section
Criminal Division
10th & Constitution Ave, NW
Washington, DC  20530
Telephone:  (202) 514-2271
Facsimile:  (202) 514-3003
Email: james.crowell@usdoj.gov

Attorneys for
UNITED STATES OF AMERICA

ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 21 2004

at _____ o'clock and ____ min. ___ M.
WALTER A. Y. H. CHINN, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. CR04-00478 DAE |
| ) | |
|           Plaintiff, ) | INFORMATION |
| ) | |
|    vs. ) | 18 U.S.C. § 371 |
| ) | |
| KERISIANO SILI SATAUA, ) | |
| ) | |
|           Defendant. ) | |
| ) | |

INFORMATION

The United States charges that:

**COUNT ONE**
**Conspiracy**
**18 U.S.C. § 371**

At all relevant times to this Information:

1.   Defendant KERISIANO SILI SATAUA was employed as an official of the United States Territory of American Samoa, serving as the Director of the American Samoa Department of Education ("AS-DOE") and responsible for the management and operation of the American Samoa School System.

2.   Defendant KERISIANO SILI SATAUA in his capacity as Director controlled and managed the awarding of all AS-DOE contracts, directed the allocation of AS-DOE and United States Department of Education ("US-DOE") funds for AS-DOE programs, and was responsible for the expenditure of all AS-DOE and US-DOE funds in American Samoa.

3.   Defendant KERISIANO SILI SATAUA submitted or directed others to submit invoices and purchase requests for payment under AS-DOE contracts for payment to the American Samoa Department of Treasury.  All payments for said vouchers were paid for with American Samoa Department of Treasury funds from its accounts with the Bank of Hawaii including certain funds provided by the United States Departments of Agriculture, Education, and Interior and other federal agencies.

4.    AS-DOE procurement regulations require that all contracts for goods and services for more than $10,000 be awarded by competitive bid and not sole-sourced to preferred vendors.

5.    SAMOA WOOD PRODUCTS was a partnership formed in the United States Territory of American Samoa, and controlled and operated by one of the Defendant's coconspirators.

6.    Defendant KERISIANO SILI SATAUA in his capacity as Director was also responsible for the management and distribution of food and goods purchased for the American Samoa Department of Education School Lunch Program ("A.S. School Lunch Program") which were intended to be used for feeding children in the American Samoa Public School System.

7.    All food and goods distributed by the A.S. School Lunch Program were paid for in significant part with funds from the United States Department of Agriculture ("USDA") National School Lunch Program ("U.S. School Lunch Program") and the US-DOE.

8.    U.S. School Lunch Program regulations required that all food and goods purchased through the A.S. School Lunch Program be used for feeding children in the American Samoa Public School System.

3

9.   During each of the periods October 1, 1998 through September 30, 1999; October 1, 1999 through September 30, 2000; October 1, 2000 through September 30, 2001; October 1, 2001 through September 30, 2002; October 1, 2002 through September 30, 2003, the US-DOE provided in excess of $10,000,000 to the AS-DOE to support educational programs in American Samoa, including the procurement of bookshelves, student desks, library furniture, laboratory benches, school bus repairs, and industrial storage containers, and funding the A.S. School Lunch Program.   These grant funds were deposited in the American Samoa Department of Treasury's accounts with the Bank of Hawaii in Pago Pago, American Samoa.

10.   During the period October 1, 2002 through September 30, 2003, the USDA provided in excess of $11,000,000 to the A.S. School Lunch Program.   These grant funds were deposited in the American Samoa Department of Treasury's accounts with the Bank of Hawaii in Pago Pago, American Samoa.

4

## THE CONSPIRACY AND ITS OBJECTS

11.  Beginning in or about June 1999, and continuing until approximately July 2003, in Honolulu, Hawaii and elsewhere, Defendant KERISIANO SILI SATAUA and others known and unknown to the United States did unlawfully combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, that is:

a.   being an agent of the Government of American Samoa, a government of a territory and possession of the United States which received federal assistance in excess of $10,000 in a one-year period, to corruptly solicit and demand for the benefit of a person, and accept and agree to accept, a thing of value from a person, intending to be influenced and rewarded in connection with a business, transaction, and series of transactions of the Government of American Samoa involving a thing of value of $5,000 or more, in violation of Title 18, United States Code, Section 666(a)(1)(B); and

b.   being an agent of the Government of American Samoa, a government of a territory and possession of the United States which received federal assistance in excess of $10,000 in a one-year period, to embezzle, steal, obtain by fraud, and without authority knowingly convert to the use of a

5

person not the rightful owner and intentionally misapply, property, valued at least $5,000, owned by, under the care, custody and control of the Government of American Samoa, in violation of Title 18, United States Code, Section 666(a)(1)(A).

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which Defendant KERISIANO SILI SATAUA and his coconspirators sought to accomplish the conspiracy, included, among other things, the following:

12.  Defendant KERISIANO SILI SATAUA and his coconspirators would and did agree that the Defendant in exchange for money and other things of value would by-pass AS-DOE procurement regulations and award or direct others to award certain AS-DOE contracts for bookshelves, student desks, library furniture, laboratory benches, school bus repairs, and industrial storage containers to his coconspirators and their companies, including SAMOA WOOD PRODUCTS.

13.  Defendant KERISIANO SILI SATAUA and his coconspirators would and did pre-set the prices charged on certain AS-DOE contracts even though American Samoa government acquisition rules required all said contracts be put out for competitive bid.

14.   Defendant KERISIANO SILI SATAUA and his coconspirators would and did subdivide the purchase orders for said contracts into numerous purchase orders below $10,000 in order to allow the Defendant, in his official capacity as Director, to approve or direct others to approve the payment of the purchase orders.

15.   Defendant KERISIANO SILI SATAUA's coconspirators submitted false invoices and purchase requests for payment under the AS-DOE contracts for which they received large monetary payments from the American Samoa Department of Treasury's accounts with the Bank of Hawaii, which were paid out of funds provided in substantial part by the US-DOE and other federal agencies.

16.   Defendant KERISIANO SILI SATAUA and his coconspirators would and did agree to use the Defendant's official position as Director to take food from the A.S. School Lunch Program for their personal use.

17.   Defendant KERISIANO SILI SATAUA would and did direct his employees to use A.S. School Lunch food, goods, and funds for the purchase of a vehicle and to pay for conferences, seminars, and a funeral.  The food, goods, and funds were paid for with USDA and US-DOE funds.

7

## OVERT ACTS

18.    In furtherance of the conspiracy and in order to accomplish its objects, the following overt acts, among others, were committed by one or more of the conspirators in the District of Hawaii and elsewhere:

a.    In or about 2000, in Honolulu, Hawaii, Defendant KERISIANO SILI SATAUA accepted $1,000 in United States currency from Coconspirator Two in exchange for Defendant KERISIANO SILI SATAUA awarding certain AS-DOE contracts to Coconspirator Two's company.

b.    In or about 2000, in Pago Pago, American Samoa, Defendant KERISIANO SILI SATAUA accepted $3,000 worth of construction work on his personal residence from Coconspirator Two in exchange for Defendant KERISIANO SILI SATAUA awarding certain AS-DOE contracts to Coconspirator Two's company.

c.    In or about 2000, in Pago Pago, American Samoa, Defendant KERISIANO SILI SATAUA accepted a $3,000 check from Coconspirator One drawn on his personal account with ANZ Bank in exchange for Defendant KERISIANO SILI SATAUA awarding certain AS-DOE contracts to SAMOA WOOD PRODUCTS.

d.    In or about 2001, in Pago Pago, American Samoa, Defendant KERISIANO SILI SATAUA accepted $2,000 in United States currency from Coconspirator One in exchange for Defendant KERISIANO SILI SATAUA awarding certain AS-DOE contracts to SAMOA WOOD PRODUCTS.

e.    In or about November 2001, in Pago Pago American Samoa, Defendant KERISIANO SILI SATAUA approved for payment Purchase Order 15066 for $7,520, payable to SAMOA WOOD PRODUCTS.

f.    In or about March 2002, in Pago Pago, American Samoa, Defendant KERISIANO SILI SATAUA approved for payment Purchase Orders 16519, 15953, 16515, 15971, 15972, 16520, 16518, and 15979, payable to SAMOA WOOD PRODUCTS.

g.    On or about March 20, 2002, Check No. 402081 in the amount of $28,200 was issued by the American Samoa Department of Treasury from its account with the Bank of Hawaii to SAMOA WOOD PRODUCTS for payment for false invoices approved by Defendant KERISIANO SILI SATAUA.

h.    In or about March 2003, Defendant KERISIANO SILI SATAUA knowingly approved or directed others to approve fraudulent requests for food and goods from the A.S. School Lunch Program warehouse, knowing full well that such food and goods were being diverted for a funeral.

    i. In or about 2002, Defendant KERISIANO SILI SATAUA knowingly took food and goods from the A.S. School Lunch Program warehouse and converted them to his personal use.

  **All in violation of Title 18, United States Code, Section 371.**

       DATED: December 20, 2004, at Honolulu, Hawaii.

        EDWARD H. KUBO, JR.
        United States Attorney
        District of Hawaii

        NOEL L. HILLMAN
        Chief, Public Integrity Section

        JAMES A. CROWELL IV
        Trial Attorney
        U.S. Department of Justice
        Criminal Division
        Public Integrity Section
        10th & Constitution Ave., NW
        Washington, DC  20530

UNITED STATES v. SATAUA; Cr. No.____ _____;
"INFORMATION"